UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-2633 JGB (SHKx)** | Date | August 1, 2023 |
| Title | *HP Inc. et al. v. Liahuan7 et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause (IN CHAMBERS)

　　On December 22, 2020, Plaintiff filed its complaint against numerous defendants. ("Complaint," Dkt. No. 1.) On July 9, 2021, Plaintiff filed requests for the Clerk to enter default against 13 defendants. (See Dkt. Nos. 39-53.) On July 12, 2021, the Clerk issued notices of deficiency regarding the default requests. (See Dkt. Nos. 54, 55.) On October 18, 2021, Plaintiff filed a request for the Clerk to enter default against various defendants. (See Dkt. No. 64.) On September 27, 2022, the Court directed the Clerk to enter default against the defaulting defendants. (Dkt. No. 69.) On September 27, 2022, the Clerk entered default against various defendants. (See Dkt. Nos. 70-72.) On January 6, 2023, Plaintiff filed a certificate of service of the Clerk's entry of default. (Dkt. No. 74.) Since then, there has been no activity in this case.

　　The Court's review of the docket indicates that one or more defendants may not have been served in this action. Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff may have failed to prosecute its case with reasonable diligence because the case has been dormant for six months.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing on or before **August 10, 2023** why this action should not be dismissed for lack of prosecution and/or failure to effectuate service.  The Court finds that this matter is appropriate for submission without oral argument and the Order to Show Cause ("OSC") will stand submitted upon the filing of a responsive pleading or motion on or before the date upon which a response by Plaintiff is due.  See Fed. R. Civ. P. 78.  Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice.

**IT IS SO ORDERED.**